UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE A. STAHLNECKER and DALE C. STAHLNECKER, Plaintiffs<br><br>vs.<br><br>SANDRA L. MORRIS and D&F TRAVEL, INC., Defendants | CIVIL ACTION - LAW<br><br>NO.<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

1. Plaintiffs Michele A. Stahlnecker and Dale C. Stahlnecker are husband and wife, residing at 71 Groover Road, Watsontown, Northumberland County, Pennsylvania 17777.

2. Defendant Sandra L. Morris is an adult individual residing at 9 Hickory Street, Silver Creek, New York 14136.

3. Defendant D&F Travel, Inc., upon information and belief, is a corporation with an address at 338 Center Avenue, Suite 320, Dunkirk, New York 14048.

4. There is more than $75,000 at issue in this matter and there is a complete diversity of citizenship between the Plaintiffs, who are residents of the Commonwealth of Pennsylvania, and the Defendant, who resides in Dunkirk, New York, such that this Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1332(a)(1).

5. On October 21, 2017, at approximately 12:01 p.m., Defendant Sandra L. Morris was operating a 2008 Motor Coach Inds Model J4500, traveling south on SR 11 in Shamokin Dam Borough, Snyder County, Pennsylvania.

6. On October 21, 2017, at approximately 12:01 p.m., Plaintiff Dale C. Stahlnecker was operating a 2012 General Motors Sierra pick-up truck at the intersection of SR 11 and Baldwin Boulevard in Shamokin Dam Borough, Snyder County, Pennsylvania, and stopped for a red light at said intersection.

7. At said time and place, Defendant Sandra L. Morris, while operating the aforesaid 2008 Motor Coach, failed to stop, striking the Stahlnecker vehicle in the rear.

8. Upon information and belief, Defendant Sandra L. Morris had or should have had a CDL and was a professional driver of a motor coach.

9. At said time and place, said motor coach operated by Defendant Sandra L. Morris was on a four-lane roadway with two-way traffic each way in a very busy and commercial area, which was known as a very dangerous stretch of roadway.

10. In light of said conditions, Defendant Sandra L. Morris should have been traveling at an appropriate speed, at an appropriate distance, and keeping a proper lookout ahead of her vehicle.

11. At said time and place, Plaintiff Michele A. Stahlnecker was a passenger in the back seat of the vehicle operated by her husband and Plaintiff, Dale C. Stahlnecker.

12. At all times material to this action, it is believed and therefore averred that on October 21, 2017, Defendant Sandra L. Morris was an agent, servant or employee of Defendant D&F Travel, Inc., acting in the furtherance of the business of Defendant D&F Travel, Inc.

13. At all times material to this action, it is believed and therefore averred that on October 21, 2017, Defendant Sandra L. Morris was acting during the course and scope of her employment or agency with Defendant D&F Travel, Inc.

14. As a result of said motor vehicle crash, Plaintiff Michele A. Stahlnecker suffered at least the following injuries:

    a) Concussion with post-concussive symptoms
    b) Neck injury and pain

15. As a direct result of the injuries sustained in the aforementioned motor vehicle crash, Plaintiff Michele A. Stahlnecker required medical treatment, including ambulance transport, emergency room visit, diagnostic tests, physical therapy, physical examinations, chiropractic treatment, several trigger point injections.

16. As a direct result of the aforementioned motor vehicle collision, Plaintiff Michele A. Stahlnecker has incurred medical expenses for her treatment, the exact amount of which is currently unknown, and she will incur additional medical expenses in the future.

17. As a direct result of the aforementioned motor vehicle collision, Plaintiff Michele A. Stahlnecker has experienced physical pain and suffering, mental anguish, discomfort, anxiety, inconvenience, distress and loss of enjoyment of life, which may continue indefinitely into the future.

18. As a direct result of the aforementioned motor vehicle collision, Plaintiff Dale C. Stahlnecker has suffered and continues to experience the loss of his wife's comfort, companionship, society, consortium and services.

## COUNT I
### (Negligence)

**Plaintiff Michele A. Stahlnecker vs. Defendant Sandra L. Morris**

19. Paragraphs 1 – 18 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

20. Defendant Sandra L. Morris owed a legal duty to other users of the highway, including Plaintiff Michele A. Stahlnecker, to operate her vehicle in a safe and prudent manner in order to avoid injuring the, and Defendant breached this duty.

21. Defendant Sandra L. Morris was otherwise negligent in that she:

   a) Was driving at an unsafe speed in that her speed was greater than is reasonable and prudent under the conditions and having regard to the actual potential hazards existing and greater than would permit her to bring her vehicle to a stop within the assured clear distance rule in violation of Section 3361 of the Pennsylvania Motor Vehicle Code;

   b) Followed the Stahlnecker vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicle and the traffic upon and the condition of the highway in violation of Section 3310 of the Pennsylvania Motor Vehicle Code;

   c) Drove her vehicle in a careless disregard for the safety of persons in violation of Section 3714 of the Pennsylvania Motor Vehicle Code;

   d) Was inattentive to traffic conditions in her path;

   e) Failed to control her vehicle and prevent it from coming into contact with the Stahlnecker vehicle;

   f) Failed to act with due care and regard for the position and safety of others, and in particular, the Stahlnecker vehicle;

   g) Failed to keep a proper lookout and failed to keep an appropriate distance in light of the traffic and upon the condition of the highway.

22. The negligence of Defendant Sandra L. Morris as set forth in paragraphs 20 and 21 above was the factual, direct and proximate cause of the collision that caused the injuries to Plaintiff Michele A. Stahlnecker as more fully described in paragraph 11 of this Complaint.

23. Defendant Sandra L. Morris acted outrageously, exhibiting a reckless indifference toward Michele A. Stahlnecker, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff Michele A. Stahlnecker demands that judgment be entered in her favor and against Defendant Sandra L. Morris in a sum in excess of $75,000 together with interest and costs.

## COUNT II
### (Vicarious Liability)

**Plaintiff Michele A. Stahlnecker vs. Defendant D&F Travel, Inc.**

24    Paragraphs 1 – 23 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

25.    At the time of this collision, Defendant Sandra L. Morris was operating a vehicle owned by Defendant D&F Travel, Inc.

26.    At the time of this collision, Defendant Sandra L. Morris was operating the aforementioned vehicle while she was acting within the course and scope of her employment for Defendant D&F Travel, Inc. and all of her actions were in furtherance of D&F Travel, Inc.'s corporate business.

27.    At the time of this collision, Defendant Sandra L. Morris was negligent as described in paragraphs 20 and 21 above, and her negligence was the factual, direct and proximate cause of the injuries to Michele A. Stahlnecker as more fully described in paragraph 14 of this Complaint.

28.    Defendant D&F Travel, Inc. is vicariously liable for the negligence of its employee, Sandra L. Morris, and the resulting injuries to Plaintiff Michele A. Stahlnecker.

29.    At the time of this collision, Defendant Sandra L. Morris was furthering the interest of her employer by driving her employer's vehicle in the course of interstate commerce.

30.    Defendant D&F Travel, Inc. is vicariously liable to Plaintiffs for punitive damages because of the reckless and outrageous conduct of its employee, Sandra L. Morris, who at all times relevant hereto, was furthering the interest of D&F Travel, Inc.

WHEREFORE, Plaintiff Michele A. Stahlnecker demands that judgment be entered in her favor and against Defendant D&F Travel, Inc. in a sum in excess of $75,000 together with interest and costs.

### COUNT III
### (Loss of Consortium)

**Plaintiff Dale C. Stahlnecker vs. Defendant Sandra L. Morris**

31. Paragraphs 1 – 30 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

32. As a direct result of the aforesaid injuries to his wife, Plaintiff Dale C. Stahlnecker has been and may in the future be deprived of his wife's comfort, companionship, society, consortium and services, all of which have been and will continue to be to his great damage and loss.

WHEREFORE, Plaintiff Dale C. Stahlnecker demands that judgment be entered in his favor and against Defendant Sandra L. Morris in a sum in excess of $75,000 together with interest and costs.

### COUNT IV
### (Loss of Consortium)

**Plaintiff Dale C. Stahlnecker vs. Defendant D&F Travel, Inc.**

33. Paragraphs 1 – 32 of Plaintiffs' Complaint are incorporated herein by reference as if fully set forth at length.

34. As a direct result of the aforesaid injuries to his wife, Plaintiff Dale C. Stahlnecker has been and may in the future be deprived of his wife's comfort, companionship, society, consortium and services, all of which have been and will continue to be to his great damage and loss.

WHEREFORE, Plaintiff Dale C. Stahlnecker demands that judgment be entered in his favor and against Defendant D&F Travel, Inc. in a sum in excess of $75,000 together with interest and costs.

ELION, GRIECO, CARLUCCI
& SHIPMAN, P.C.

By    s/Robert B. Elion
       Robert B. Elion, I.D. #21030
       Attorney for Plaintiffs
       125 East Third Street
       Williamsport, PA 17701
       570-326-2443 (phone)
       570-326-1585 (fax)
       relion@elionlaw.com