# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE A. STAHLNECKER and DALE C. STAHLNECKER, | No. 4:19-CV-00858 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| SANDRA L. MORRIS and D&F TRAVEL INC., | |
| Defendants. | |

## MEMORANDUM OPINION

### JULY 10, 2019

**I.  BACKGROUND**

On May 17, 2019, Plaintiffs, Michele A. Stahlnecker and Dale C. Stahlnecker, hereinafter collectively "the Stahlneckers," filed a four-count complaint against Defendants, Sandra L. Morris and her employer D&F Travel Inc. The complaint alleges various injuries following an October 21, 2017 automobile accident between the Stahlneckers and Morris. Defendants filed a motion to dismiss the punitive damages demand in Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion is now ripe for disposition; for the reasons that follow, it is denied.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Such a motion "tests the legal sufficiency of a pleading" and "streamlines litigation by dispensing with needless discovery and factfinding."[1] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[2] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[3]

Beginning in 2007, the Supreme Court of the United States initiated what some scholars have termed the Roberts Court's "civil procedure revival" by significantly tightening the standard that district courts must apply to 12(b)(6) motions.[4] In two landmark decisions, *Bell Atlantic Corporation v. Twombly and Ashcroft v. Iqbal*, the Roberts Court "changed . . . the pleading landscape" by "signal[ing] to lower-court judges that the stricter approach some had been taking was appropriate under the Federal Rules."[5] More specifically, the Court in these

---

[1] *In re Hydrogen Peroxide Litigation*, 552 F.3d 305, 316 n.15 (3d Cir. 2008) (Scirica, C.J.) (*quoting Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)). *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).

[2] *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U. S. 69, 73 (1984)).

[3] *Neitzke*, 490 U.S. at 327.

[4] Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313 (2012).

[5] 550 U.S. 544 (2007); 556 U.S. 662, 678 (2009). Wasserman, *supra* at 319–20.

two decisions "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[6]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[9] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[10]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent

---

[6] *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

[7] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[8] *Iqbal*, 556 U.S. at 678.

[9] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

[10] *Twombly*, 550 U.S. at 556.

[11] *Iqbal*, 556 U.S. at 679.

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[12]

When disposing of a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]."[13] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[14] "After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."[15] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[16]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[17]

---

[12] *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).

[13] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[14] *Iqbal*, 556 U.S. at 678 (internal citations omitted).

[15] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.).

[16] *Iqbal*, 556 U.S. at 678.

[17] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

**B.     Facts Alleged in the Complaint**

The facts alleged in the complaint, which I must accept as true for the purposes of this motion, are as follows.

Mid-day on October 21, 2017, Dale Stahlnecker was operating his pick-up truck with his wife, Michele A. Stahlnecker, as a passenger. The Stahlneckers were traveling southbound on State Route 11 and were stopped at a red light when Sandra Morris failed to stop her "2008 Motor Coach Inds Model Number J4500" and struck the rear of the Stahlnecker's vehicle. Allegedly, Morris does not have a commercial driver's license. Morris was employed by, and acting during the scope of her employment with, D&F Travel, Inc. Michele Stahlnecker suffered various injuries as a result of the collision.

**C.     Analysis**

Under Pennsylvania law, punitive damages are only available to compensate "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."[18] Fundamentally, punitive damages are penal in nature; the objective is to punish a tortfeasor for his outrageous conduct and to deter him from similar conduct in the future.[19] Pennsylvania has adopted Section 908(2) of the Restatement (Second) of Torts, which permits

---

[18] *Hutchison v. Luddy,* 870 A.2d 766, 770 (Pa. 2005) (*citing Feld v. Merriam*, 485 A.2d 742, 747 (Pa. 1984)).

[19] *See id.; see also SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991).

punitive damages only for conduct that is "outrageous because of the defendant's evil motive or his reckless indifference to the rights of others."[20] Accordingly, a punitive damages claim must be supported by sufficient evidence to establish: (1) that the defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed; and (2) that he acted or failed to act in conscious disregard of that risk.[21]

"Although ordinary negligence will not support an award of punitive damages, 'punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured.'"[22] To establish a punitive damages claim, "the state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious."[23] A plaintiff must allege facts sufficient to support a plausible claim demonstrating this intentional, wanton, reckless or malicious conduct.[24] A showing

---

[20] *Feld,* 485 A.2d at 747 (1984) (quoting Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355 (1963); RESTATEMENT (SECOND) OF TORTS, § 908(2)).

[21] *See Feld*, 485 A.2d at 1097-98.

[22] *Young v. Westfall,* No. 4:06-CV-2325, 2007 WL 675182, at *2 (M.D.Pa. Mar. 1, 2007) (McClure, J.) (*citing Hutchison*, 870 A.2d at 770).

[23] *Hutchison*, 870 A.2d at 770 (*quoting Feld*, 485 A.2d at 748).

[24] *See Twombly*, 550 U.S. at 556.

of mere negligence, or even gross negligence, will not suffice to establish that punitive damages should be imposed.[25]

This Court has consistently held that it is premature to dismiss demands for punitive damages prior to discovery.[26] Plaintiff has alleged that Morris "acted outrageously, exhibiting a reckless indifference toward" the Stahlneckers. In sum, the allegations plead here are sufficient to survive a motion to dismiss, as discovery is necessary to explore these issues and a dismissal of this demand, at this early stage in the litigation, would be premature.

## III. CONCLUSION

Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is therefore denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[25] *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005).

[26] *See, e.g., Cobb v. Nye,* 2014 WL 7067578 (M.D. Pa. December 12, 2014) (Brann, J.); *Cerreta v. Red Roof Inns, Inc.*, No. 4:16-CV-0706, 2016 WL 4611689, at *3 (M.D. Pa. Sept. 6, 2016) (Brann, J.); *Tucker v. Horn*, No. 4:16-CV-0071, 2016 WL 4679018, at *1 (M.D. Pa. Sept. 7, 2016) (Brann, J.); *Kerlin v. Howard*, No. 4:18-CV-00481, 2018 WL 4051702, at *1 (M.D. Pa. Aug. 24, 2018) (Brann, J.).